1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
9                                   AT TACOMA

10    TAMERA GOBIN,

                              Plaintiff,                Case No. C07-5677-RBL
11

12          v.                                          ORDER DENYING FEDERAL
                                                        DEFENDANT'S MOTION TO DISMISS
13    DEPARTMENT OF THE ARMY
      WESTERN REGIONAL COMMAND
14    MADIGAN ARMY MEDICAL CENTER,

15                            Defendant.

16          This matter comes before the Court on Defendant Department of the Army's Motion to Dismiss

17    under Fed. R. Civ. P. 12(b)(6).  [Dkt. # 6].  Plaintiff asserts a Federal Tort Claims Act claim against

18    Defendant under 28 U.S.C. §§ 2671-2680,[1]  for failure to properly diagnose an extremely rare metabolic

19    disorder known as Trimethylaminuria (TMAU), or Fish Malodor Syndrome.  [Dkt. # 1].  According to

20    Plaintiff, the Defendant's failure to test for TMAU caused her to delay seeking proper treatment for the

21    condition,[2] "pyscho-social damage," and lost wages. [Id.].  RCW 7.70.150(1) requires one claiming

22    medical malpractice to file a certificate of merit.[3]  Defendant argues Plaintiff's claim must be dismissed

23

24          [1] Plaintiff's Complaint never cites to the FTCA specifically, but as the Defendant concedes, a pro se
      Plaintiff's complaint must be construed liberally.  Defendant points out and the Court agrees, Plaintiff has
25    asserted, if anything, an FTCA claim. [Dkt. # 6].

26          [2] Apparently there is no cure for the disease, but there are treatment options available that would help
      mitigate the symptoms of the condition. [Dkt. # 2, Ex. 1].
27

28          [3] RCW 7.70.150(1) provides in part that in an "[a]ction against an individual health care provider under
      this chapter for personal injury ... in which the injury is alleged to have been caused by an act or omission that
      violates the accepted standard of care, the plaintiff must file a certificate of merit at the time of commencing

1   because she did not comply with this requirement. [Dkt. # 6].   For the following reasons, Defendant's

2   motion is DENIED.

3          Plaintiff has appeared pro se.   Courts in this Circuit have long held that, particularly where a pro se

4   petitioner is facing dismissal, the court will construe his or her pleadings liberally. *See Balistreri v. Pacifica*

5   *Police Dept*. 901 F.2d 696, 699 (9th Cir. 1990); *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)

6    ("[W]e have an obligation where the petitioner is pro se ... to construe the pleadings liberally and to afford

7   the petitioner the benefit of any doubt.")

8          When dealing with an FTCA action, the federal court must look to the law of the place where the

9   acts of negligence occurred. *Washington v. U.S.*, 769 F.2d 1436, 1437 (9th Cir. 1985).   It is long settled,

10  however, that the statute of limitation in the FTCA, 28 U.S.C. § 2401, governs in FTCA actions, even

11  when the state period of limitations is longer or shorter. *Poindexter v. United States*, 647 F.2d 34, 36 (9th

12  Cir. 1981) (citations omitted). An FTCA claim must be filed with the appropriate federal agency within

13  two years after the claim accrues.   28 U.S.C. §§ 2401(b) and 2675(a).   If the administrative claim is denied,

14  the claimant has six months "after the date of mailing" to file an action in district court.   §2401(b);

15  *Poindexter*, 647 F.2d at 36.   If either requirement is not met, the suit will be time barred.   §2401(b); *see*

16  *Dyniewicz v. United States*, 742 F.2d 484, 485 (9th Cir. 1984).   At least for the purposes of this motion,

17  Plaintiff met both requirements.   Defendant mailed Plaintiff a final agency determination denying her claim

18  on June 6, 2007. [Dkt. # 2, Ex. 1].   On December 6, 2007, exactly six months later, Plaintiff timely filed

19  her Complaint with this Court pursuant 28 U.S.C. §§ 2671-2680. [Dkt. # 1].

20         However, Plaintiff failed to file a certificate of merit at the commencement of this action as required

21  under RCW 7.70.150(1).   But where, as here, "the action is commenced within forty-five days prior to the

22  expiration of the applicable statute of limitations," the statute permits plaintiff an additional 45 days from

23  the date of filing to file a certificate of merit.   *See* RCW 7.70.150(1); *Abear v. Teveliet*, 2006 WL 3813560

24  at *1 (W.D.WA Dec. 21, 2006) ("The obvious purpose of this provision is to permit one in danger of

25  having her claims expire to promptly file the complaint and then, within 45 days, to supplement her filing

26  with the required certificate of merit.").

27         Because Plaintiff filed her Complaint within 45 days of the expiration of the statute of limitations,

28  the action."

ORDER
Page - 2

1   she was automatically entitled to 45 days to supplement her Complaint with a certificate of merit.  In other

2   words, she was required to file a certificate of merit by January 22, 2008.[4]  Plaintiff did not do so.

3   However, upon Plaintiff's motion and a showing of "good cause," a court "*may* grant" an extension of no

4   more than 90 days to file a certificate of merit.  *See* RCW 7.70.150(4) (emphasis added).  The 90-day

5   extension would commence on the date the automatic 45-day extension expired.  Therefore, if Plaintiff

6   sought and received an extension she would have until April 21, 2008, to file a certificate of merit.

7          Accordingly, Defendant's motion to dismiss is premature at this time.  However, the preservation

8   of Plaintiff's claim depends on the satisfaction of three conditions: (1) Plaintiff must pay her filing fee with

9   this Court;[5] (2) Plaintiff must timely file a motion for a 90-day extension and must demonstrate to this

10  Court that good cause for granting the extension exists; and (3) Plaintiff must file a valid certificate of

11  merit[6] by April 21, 2008.  If any of the above conditions are not met by April 21, 2008, Plaintiff's

12  Complaint will be dismissed for failure to timely file the required certificate of merit.

13         For the above stated reasons, the Defendant's Motion to Dismiss [Dkt. # 6] is DENIED.  Any

14  other pending Pretrial Deadlines are STAYED until April 22, 2008.

15

16         IT IS SO ORDERED.

17     Dated this 27th day of March, 2008.

18

19

20     _____
       RONALD B. LEIGHTON
21     UNITED STATES DISTRICT JUDGE

22

23

24

25

26     _____

          [4] The last day of the 45-day period after the commencement of the action not including Sunday or a
27  legal holiday was January 22, 2008.  *See* Fed. R. Civ. P. 6(a).

28        [5] The district court may permit indigent litigants to proceed in forma pauperis upon completion of a
    proper affidavit of indigence.  *See* 28 U.S.C. § 1915(a).

          [6] The substantive requirements of such a certificate of merit are outlined in RCW 7.70.150.

ORDER
Page - 3